■ Board of Trustees of the Village of Tuxedo Park, Respondent, v Vincent Romano et al., Appellants.—In an

action, *inter alia,* to permanently enjoin the defendants from using a certain building for residential purposes, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Orange County (Ingrassia, J.), entered May 1, 1987, as, upon the plaintiff's motion for partial summary judgment, granted the motion to the extent of awarding judgment in the plaintiff's favor on the first and fourth causes of action asserted in the complaint and enjoined the defendants from using the building as a residence.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The building in question is situated on lakefront property in the Village of Tuxedo Park, Orange County, and is presently owned by the defendant Vincent Romano (hereinafter Romano). The lower level of the building contains a boat-storage facility and a door which opens onto a channel leading directly into the waters of Tuxedo Lake. In 1946, a previous owner of the premises commenced renovating the building into a single-family residence. However, the work apparently ceased in that same year. In 1953, the defendant Romano's predecessor in title petitioned the Village Zoning Board of Appeals for permission to continue the conversion of the building to a residence, or in the alternative, for a determination that such a conversion was ongoing as of the date of enactment of the Village Zoning Ordinance and could be resumed under a grandfather clause. The Board of Appeals denied the application, finding that the building was a boathouse, that the contemplated construction had not been ongoing as of the date of the enactment of the Village Zoning Ordinance, and that the Village Zoning Ordinance expressly prohibits the use of boathouses as residences (Tuxedo Park Zoning Ordinance § 500 [A] [2]).

At some point in 1984, the defendant Romano began leasing the building as a residence to the defendant La France and his family. The plaintiff thereupon commenced the instant action, *inter alia,* to enjoin the residential use of the building. The Supreme Court granted the plaintiff's subsequent motion for partial summary judgment to the extent of awarding judgment in favor of the plaintiff on its first and fourth causes of action, reasoning that the defendants had violated Tuxedo Park Zoning Ordinance § 500 (A) (2), which prohibits the use of a boathouse for residential purposes. The court also found that the defendants' present residential use of the structure violated Tuxedo Park Zoning Ordinance § 713, which requires

that a certificate of occupancy be obtained before a building can be used as a residence. We affirm.

In order for the plaintiff to obtain summary judgment, it was required to establish, as a matter of law, that one or more of its claims has merit and that there are no valid defenses to them (CPLR 3212 [b]). Conversely, in order for the defendants to successfully oppose the motion, they are required to demonstrate the existence of a valid defense by evidence establishing "facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]). The Supreme Court properly concluded upon the record presented that the plaintiff established, as a matter of law, that the subject structure was a boathouse, and the defendants failed to raise a material triable question of fact with respect to this issue. Furthermore, the defendants failed to adduce adequate evidence in support of their factual contentions that the boathouse had been used as a residence prior to the enactment of the Tuxedo Park Zoning Ordinance and that the prohibition against the use of boathouses as residences is inapplicable to them by virtue of the aforementioned grandfather clause.

Moreover, inasmuch as the record establishes that the building was not used or recognized as a residence prior to the enactment of the ordinance, the present use of the structure as a residence is alternatively prohibited because a certificate of occupancy was never acquired (Tuxedo Park Zoning Ordinance § 713).

We have considered the defendants' remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Rubin and Sullivan, JJ., concur.